FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 0 4 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
PETER SEXTON
Assistant United States Attorney
Arizona State Bar No. 11089
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: peter.sexton@usdoj.gov
*Attorneys for Plaintiff*

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-19-01375-PHX-MTL (DMF) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:  18 U.S.C. § 371<br>(Conspiracy)<br>Count 1 |
| Denzzel Kizer, | |
| Defendant. | 18 U.S.C. § 1344<br>(Bank Fraud)<br>Count 2 |
| | 18 U.S.C. § 1028A<br>(Aggravated Identity Theft)<br>Count 3 |
| | 18 U.S.C. § 981 and § 982,<br>21 U.S.C. § 853, and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

**BACKGROUND**

1.  From on or about July 2019, and continuing to the date of this Indictment, defendant DENZZEL KIZER (KIZER), and others, have defrauded several Navy Federal Credit Union (NFCU) branch offices across the United States. To date, branches in Arizona, California, Nevada, Washington, Texas, North Carolina, and Virginia were

defrauded.

2. Defendant, and his co-conspirators/co-schemers, stole victims' identities, and used the stolen identities to create false identification documents, open fraudulent NFCU accounts, and obtain fraudulent loan proceeds from NFCU. They have stolen in excess of $260,000.00 so far.

3. On or about July 26, 2019, defendant KIZER went to the NFCU branch in Lemoore, California. There he produced a counterfeit California driver's license (#X4915) with victim DC's stolen identity, opened a savings account with a $5.00 deposit, and signed the NFCU membership agreement using DC's name and social security number. Defendant KIZER then got a fraudulent $20,000.00 personal expense loan in DC's name, withdrew $15,000.00 of the loan proceeds in cash, and deposited the remaining $5,000.00 into a checking account at this branch location.

4. On or about August 12, 2019, KIZER, or another co-conspirator, called the NFCU branch in Mission Viejo, California, and opened a checking account (#X8403) with victim PC's stolen identity. That same day, a co-conspirator (named RB), using PC's stolen identity, went to this branch location and got a personal loan for $15,000.00. The co-conspirator deposited the loan proceeds into the newly-opened checking account, less cash of $9,500.00. Later in the day, a co-conspirator withdrew $4,500 in cash from the Santa Ana branch. The remaining funds from the loan were depleted by other ATM and POS transactions.

5. On or about August 12, 2019, KIZER, or another co-conspirator, called the NFCU branch in West Corvina, California, and opened a checking account (#X8263) and savings account (#X1200) with victim KV's stolen identity. On this same day, defendant KIZER, using KV's stolen identity, got a $20,000.00 personal loan at this branch location, and deposited the funds into the new checking account, less $10,000.00 in cash that he withdrew. Later that day, defendant withdrew $500.00 from an ATM at the NFCU branch in Fountain Valley, California, and another $8,585.00 at a teller window at that same

branch location. On August 13, 2019, defendant KIZER used KV's identity to apply online for a Visa Signature Cash Rewards credit card, account (#X9235), with a credit limit of $25,000.00, which was to be mailed to a FedEx location in Emeryville, California.

6. On or about August 20, 2019, KIZER or another co-conspirator, called the NFCU branch in San Luis Rey, California, and opened a checking account (#X9054) with victim DB's stolen identity. That same day, defendant KIZER, using DB's stolen identity, went to this branch location and got a debit card (#X46296) and personal loan for $22,449.00 (#X24152). Defendant KIZER forged DB's name on the loan draft, and deposited the funds into the checking account, less cash of $5,000.00. Later that day, defendant made additional withdrawals from this loan - $15,000.00 (Oceanside branch), $1800.00 (Encinitas branch), and $600.00 (Encinitas ATM).

7. On or about August 20, 2019, KIZER or another co-conspirator, called the NFCU branch in Carlsbad, California, and opened a checking account (#X5515) with victim JK's stolen identity. That same day, a co-conspirator (named RB), using JK's stolen identity, went to this branch location and got a personal loan for $20,000.00. The co-conspirator was questioned by NFCU employees about her false Missouri ID for JK, and thereafter fled the scene, leaving behind the false ID.

8. On or about August 21, a co-conspirator of KIZER (named RB) opened a bank checking account by phone at the NFCU in Fountain Valley, California with victim BS's stolen identity. That same day, using BS's stolen identity, the co-conspirator got a $15,000.00 loan from this NFCU branch, which she deposited into the recently opened checking account. After the funds were posted into the checking account, a co-conspirator (RB) or defendant KIZER, withdrew the funds later that day - $4,500.00 (Fountain Valley branch), $8,500.00 (West Corvina branch), and $600.00 (Long Beach branch).

9. On or about August 31, 2019, KIZER or another co-conspirator, opened a checking account with NFCU by phone, using AH's stolen identity. That same day, using AH's stolen identity, defendant KIZER got a $20,000.00 loan at the NFCU branch in

Henderson, Nevada, which he deposited into the recently opened checking account. After the funds were posted into the checking account, defendant withdrew the funds later that day - $9,500.00 (Henderson branch), $8,000.00 (Boulder Highway branch), $1,500.00 (Boulder Highway branch), $6,000.00 (Spring Mountain ATM), and $400.00 (Target purchase).

10. On or about September 21, 2019, KIZER or another co-conspirator, opened a bank checking account at the NFCU branch in Tacoma, Washington with victim AS's stolen identity. That same day, using AS's stolen identity, defendant KIZER got a $20,000.00 loan from this NFCU branch, which he deposited into the recently opened checking account. After the funds were posted into the checking account, KIZER withdrew the funds later that day - $3,000 (Puyallup branch), $5,000.00 (Lakewood branch), $5,000.00 (Tacoma branch), $6,000 (Lacey branch), and $1,000.00 (Puyallup ATM).

11. On or about September 23, 2019, defendant KIZER opened a bank checking account at the NFCU branch in Poulsbo, Washington with victim AY's stolen identity. That same day, again using AY's stolen identity, defendant KIZER got a $25,000.00 loan from this NFCU branch, which he deposited into the recently opened checking account. After the funds were posted into the checking account, defendant withdrew the funds later that day - $5,000.00 (Poulsbo branch), $9,500.00 (Silverdale branch), $9,480.00 (Lakewood branch), and $1,000.00 (Silverdale ATM).

12. On or about October 15, 2019, defendant KIZER opened a bank checking account at the NFCU branch in Dallas, Texas with victim PM's stolen identity. That same day, again using PM's stolen identity, defendant KIZER got a $25,000.00 loan from this NFCU branch, which he deposited into the recently opened checking account. After the funds were posted into the checking account, defendant withdrew the funds later that day - $9,500.00 (Garland branch), $9,500.00 (Colony branch), $5,000.00 (Arlington branch), and $1,000.00 (Arlington ATM).

13. On or about October 15, 2019, a co-conspirator of KIZER (named DB), opened a bank checking account at the NFCU in Arlington, Texas with victims BR's stolen identity. That same day, using BR's stolen identity, the co-conspirator got a $18,000.00 loan from this NFCU branch, which he deposited into the recently opened checking account. After the funds were posted into the checking account, the co-conspirator or defendant KIZER withdrew the funds later that day - $7,500.00 (Arlington branch), $9,000.00 (Keller branch), and $1,000.00 (Keller ATM – surveillance footage shows KIZER making the ATM withdrawal).

14. On or about October 16, 2019, a co-conspirator of KIZER (named RF), opened a bank checking account at the NFCU - Colony branch in Fort Worth, Texas with victims MW's stolen identity. That same day, using MW's stolen identity, the co-conspirator got a $20,000.00 loan from this NFCU branch, which she deposited into the recently opened checking account. After the funds were posted into the checking account, a co-conspirator or defendant KIZER, withdrew the funds later that day - $7,500.00 (Colony branch), $9,500.00 (Fort Worth branch), $2,000.00 (Northeast Dallas branch), $1,000.00 (Northeast Dallas ATM – surveillance footage shows KIZER making the withdrawal).

15. On or about October 30, 2019, defendant KIZER opened a bank checking account at the NFCU in Raleigh, North Carolina with victims BE's stolen identity. That same day, using BE's stolen identity, KIZER got a $30,000.00 loan from this NFCU branch, which was deposited into the recently opened checking account. After the funds were posted into the checking account, defendant KIZER tried to withdraw the funds from another branch, but NFCU personnel questioned his counterfeit Wyoming ID and called the local police. Defendant KIZER fled the scene, leaving the counterfeit ID behind.

16. On or about November 15, 2019, defendant KIZER opened a bank savings account at the NFCU in Lake Montclair, Virginia with AC's stolen identity. That same day, using AC's stolen identity, KIZER obtained a $20,000.00 loan from this NFCU

branch, which he deposited into the recently opened savings account. The funds were withdrawn later that day - $9,500.00 (Lake Montclair branch), $6,000.00 (Lake Montclair branch), $3,500.00 (Woodbridge branch), $500.00 (Woodbridge ATM), and various other transactions using a Visa debit card (#X9235).

## COUNT 1
### Conspiracy to Commit Bank Fraud/Aggravated Identity Theft
### [18 U.S.C. § 371]

17. The factual allegations in paragraphs 1 through 16 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

18. From on or about July 2019 to the present, the exact dates being unknown to the Grand Jury, in the District of Arizona and elsewhere, defendant DENZZEL KIZER, did knowingly, willfully, and unlawfully, conspire, combine, confederate, and agree together and with each other, and with other individuals, both known and unknown to the Grand Jury, to commit bank fraud and aggravated identity theft. Specifically, KIZER and others did knowingly and willfully execute and attempt to execute a scheme or artifice to defraud and to obtain money, funds, credits, and assets, by and under the custody and control of NFCU, a federally insured financial institution as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations, promises, and stolen means of identification of other people, in violation of Title 18, United States Code, Sections 1344 and 1028A.

**MANNER AND MEANS OF CONSPIRACY AND FRAUD SCHEME**

19. KIZER and co-conspirators/co-schemers used the following manner and means in this conspiracy. They:

    a. stole victims' identities;
    b. created fraudulent identification documents;
    c. targeted NFCU;
    d. opened fraudulent checking and savings accounts;
    e. applied for fraudulent loans;

   f.  withdrew defrauded funds quickly from several branches; and

   g.  moved their fraudulent operation from state to state.

20. In furtherance of the conspiracy, and to affect the objects and purposes of the conspiracy, the following overt acts, among others, occurred in the District of Arizona, and elsewhere:

   a.  Each of the specific 14 allegations set forth in paragraphs 3-16 above; and

   b.  The specific allegation set forth in Count 2 below.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## Bank Fraud
## [18 U.S.C. § 1344]

21. The factual allegations in paragraphs 1 through 20 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

22. On or about and between September 30 and October 1, 2019, in the District of Arizona and elsewhere, defendant DENZZEL KIZER, and others known and unknown to the Grand Jury, knowingly executed a scheme to defraud NFCU, a federally insured financial institution under 18 U.S.C. § 20(2), and obtain moneys, funds, credits, and other property owned by or under the custody or control of NFCU, by means of material false and fraudulent pretenses, representations, and promises, as detailed in Count 1 of the Indictment, and including the following:

   a.  On or about and between September 30 and November 1, 2019, in the District of Arizona, a male suspect called NFCU and used the stolen identity of victim DP. Thereafter, defendant KIZER went to the NFCU at Luke Air Force Base in Glendale, Arizona, and also using victim DP's identity, he opened a checking account and got a Visa debit card. He then used DP's identity to get a loan for $25,000.00. Before the fraud was detected, defendant KIZER withdrew $5,000.00 from this fraudulently obtained loan.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 3
### Aggravated Identity Theft
### [18 U.S.C. § 1028A]

23. The factual allegations in paragraphs 1 through 22 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

24. On or about and between September 30 and October 1, 2019, defendant DENZZEL KIZER, and others, during and in relation to the felony violation of Title 18 United States Code, Section 1344 (Bank Fraud), as set forth in Count 2 above, knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, name, address, and social security number of victim DP, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

## FORFEITURE ALLEGATION

25. The Grand Jury realleges and incorporates the allegations of Counts 1 through 3 of this Indictment, which are incorporated by reference as though fully set forth herein.

26. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 8 of this Indictment, the Defendant(s) shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s), including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit

or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s) and the property named below.

A sum of money equal to at least $250,000.00 in United States currency, representing the amount of money involved in the offense(s).

27. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said Defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: December 4, 2019

MICHAEL BAILEY
United States Attorney
District of Arizona

s/
PETER SEXTON
Assistant U.S. Attorney